UNITED STATES DISTRICT COURT
for the
Western District of Michigan
Southern Division

**FILED - GR**
October 22, 2018 9:51 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:\_mkc\_\_   SCANNED BY:

Vance. Jr., James Donald, Plaintiff   )
)   Case Number:
V.   )
)   No Jury
)
Grand Rapids Housing Commission, Defendant   )

**1:18-cv-1188**
Robert J. Jonker
Chief U.S. District Judge

### I.   The Parties to This Complaint

**A. PLAINTIFF:**
James Donald Vance. Jr.
1425 Bridge St. NW, apartment 122
Grand Rapids, Kent County
Michigan, 49504.
(616) 304 – 7195
jamesvance1358@att.net

**B. DEFENDANT:**
Grand Rapids Housing Commission
1420 Fuller Ave. SE
Grand Rapids, Kent County
Michigan, 49507.
(616) 235 – 2600

**II. Basis for Jurisdiction** is a Federal question. The specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case are:

District of Columbia v. Heller, 554 U.S. 570 (2008)
McDonald v. Chicago, 561 U.S. 742 (2010)
U.S. Constitution, Amendment 2

### III. Statement of Claim

It is my intention to prove, beyond a reasonable doubt, that the Grand Rapids Housing Commission's anti weapon policy, which reads, "Tenants are not to display, use or possess or allow members of the tenant's household or guests to display, use or possess any firearms (operable or inoperable), weapons (such as, but not limited to, nun chucks, knives, swords, sabers, etc.) as defined by the laws and courts of the State of Michigan, or use any object with the intent to cause harm anywhere on the property of Mt. Mercy." is unconstitutional.

**IV. Relief:** To establish a legal precedence in the State of Michigan. To determine the unconstitutionality of the Housing Commission's anti weapons policy, as determined by existing legal precedence, and override it.

### V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**Date of Signing,** October 22, 2018

**Signature of Plaintiff,** _[signature]_

**Printed Name of Plaintiff,** James Donald Vance, Jr.