UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| JAMES DONALD VANCE, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GRAND RAPIDS )<br>HOUSING COMMISSION, )<br>)<br>Defendant. )<br>_____ ) | Case No. 1:18-cv-1188<br><br>Honorable Robert J. Jonker |

**REPORT AND RECOMMENDATION**

This is a civil action brought *pro se* by James Vance, Jr., under 42 U.S.C. § 1983. Plaintiff named the Grand Rapids Housing Commission as the defendant. He invokes the Second Amendment, and he states that he intends to prove that defendant's anti-weapons policy is unconstitutional.

For the reasons set forth herein, I recommend that the Court grant plaintiff a reasonable period of time in which to file a first amended complaint alleging facts establishing his standing and the Court's jurisdiction. I further recommend that, if plaintiff fails to amend his complaint to cure the defects in his current pleading by the applicable deadline, the Court dismiss this lawsuit for lack of jurisdiction.

## Allegations

Plaintiff is a resident of Grand Rapids, Michigan. The Grand Rapids Housing Commission has an anti-weapons policy that states as follows:

> Tenants are not allowed to display, use or possess or allow members of the tenant's household or guests to display, use or possess any firearms (operable or inoperable), weapons (such as, but not limited to nun chucks, knives, swords, sabers, etc.) as defined by the laws and courts of the State of Michigan, or use any object with the intent to cause harm anywhere on the property of Mt. Mercy.

(ECF No. 1, PageID.1).

The complaint contains no facts connecting plaintiff and the challenged policy.[1]

## Discussion

Article III of the Constitution limits the jurisdiction of federal courts to "cases and controversies." U.S. CONST. art. III, § 2. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Nikolao v. Lyon*, 875 F.3d 310, 315 (6th Cir. 2017) ("The standing doctrine is derived from the case or controversy requirement and obligates plaintiff[] to show a 'personal stake in the outcome of the controversy as to ... justify [the] exercise of the court's remedial powers on [his] behalf.'") (quoting *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017)).

---

[1] It is noted that, if the Court could look beyond the current skeletal complaint, plaintiff's likely connection to the policy is his status as a tenant. Plaintiff's address is 1425 Bridge Street, NW, Apartment 122, and the policy refers to the "Mt. Mercy" property. "Mt. Mercy Apartments, 1425 Bridge, NW" is a property listed on the Grand Rapids Housing Commission's website. *See* https://www.grhousing.org/pdf/mercy-acop.pdf (last visited Dec. 18, 2018).

Standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "A federal court is not a forum for generalized grievances, and the requirement of such a personal stake ensures that courts exercise power that is judicial in nature." *Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018) (citation and quotations omitted). "Standing requires more than just a keen interest in the issue. It requires allegations—and, eventually, proof—that the plaintiff personal[ly] suffered a concrete and particularized injury in connection with the conduct about which he complains." *Trump v. Hawaii*, 138 S. Ct. 2392, 2416 (2018) (citations and quotations omitted).

"Standing is, of course, a threshold requirement for federal jurisdiction. If a party does not have standing to bring an action, then the court has no authority to hear the matter and must dismiss the case." *Binno v. American Bar Ass'n*, 826 F.3d 338, 344 (6th Cir. 2016). The plaintiff bears the burden of establishing standing. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). The plaintiff must allege facts[2] establishing that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Gill*, 138 S. Ct. at 1929 (citation and quotations omitted). Plaintiff has not alleged facts satisfying any of these requirements.

---

[2] The facts alleged must be "specific" and "concrete," as "[c]onclusory allegations do not satisfy the requirements of Article III." *Binno*, 826 F.3d at 344.

**Recommended Disposition**

For the foregoing reasons, I recommend that the Court grant plaintiff a reasonable period in which to file a first amended complaint alleging facts establishing his standing and the Court's jurisdiction.  I further recommend that, if plaintiff fails to amend his complaint to cure the defects in his current pleading by the applicable deadline, the Court dismiss this lawsuit for lack of jurisdiction.


Dated:   December 21, 2018          /s/ Phillip J. Green
                                    PHILLIP J. GREEN
                                    United States Magistrate Judge


**NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).